## PRYOR'S APPEAL.

*Supreme Court, First District; General Term, June,* 1857.

APPEAL.—STREET-OPENING CASES.—DECISION OF COMMISSIONERS.

*It seems* that an appeal lies to the general term of the Supreme Court, from a decision of the special term confirming the report of commissioners of estimate and assessment in proceedings for a street improvement in the city of New York.

The commissioners are, however, the proper judges of all the matters of fact involved in the questions which come before them for decision; and their decision should not be disturbed by the general term, except upon strong reasons.

It requires a strong case to justify an appellate court in interposing in matters of value.

Appeal from a decision of the special term confirming the report of commissioners of estimate and assessment appointed in the laying out of the Central Park.

James W. Pryor was owner of fifty-nine lots of land taken by the city for the Central Park. These lots were valued by the commissioners of estimate at $34,140. The owner filed objections to the report, and on a further hearing the valuation was raised by the commissioners to $36,915. The report, as thus altered, was confirmed by the special term. The owner, deeming the valuation still too low, now appealed from the order confirming the report.

*Martin V. B. Wilcoxson,* and *Richard Busteed,* corporation counsel, moved to dismiss the appeal, on the ground that the order was not appealable; citing the Bowery Extension Case (2 *Ante,* 368).

*Cummins, Alexander, & Green,* opposed.—I. The right of

review in cases under the act of 1813 has always been recognized and allowed, even to the court of highest resort (Livingston *v.* The Mayor, 8 *Wend.*, 85 ; Wyman *v.* The Mayor, 11 *Wend.*, 487). The law as to appeals to the *Court of Appeals* was changed in the case of Canal and Walker streets (2 *Kern.*, 406).

II. It has been the uniform practice of the Supreme Court to hear appeals in those cases from the special term to the general term, ever since the judiciary act and the Code (Canal and Walker street Case, 2 *Kern.*, 406 ; Wall-street Case, 17 *Barb.*, 617).

III. The proceedings in this matter are directed by the act to be conducted pursuant to the act of April 9, 1813, and the several acts amendatory thereof; these acts do not, as is supposed, take away the right of appeal, although the act provides that the report, when confirmed by the said court, shall be final and conclusive when upon, &c. 1. When the act of 1813 was passed, the Supreme Court transacted its business at terms at which all its members sat or could sit, and exercised all the powers of the court, both original and appellate. It had no general and special term, but all proceedings were had and decisions made before the full court in banco, and as there was no other branch of the Supreme Court to which to appeal, the decision was of course final as far as that court was concerned. 2. When special terms were afterwards established, and these causes were heard at these terms, there always was an appeal to the general term (Canal and Walker street Case, 2 *Kern.*, 406 ; Wall-street Case, 17 *Barb.*, 617). 3. The act of 1813 provides that the report of the commissioners, when confirmed by the Supreme Court, " shall be final and conclusive," but it nowhere says that the report, when confirmed by the *special term* of the Supreme Court, shall " be final and conclusive." The question then arises, what is the Supreme Court whose confirmation shall be final and conclusive ? It is the Supreme Court of the Constitution, the court that possesses the powers of the old Supreme Court, with original and appellate jurisdiction ; that is, the general term, for until the whole power of the Supreme Court is exhausted, its original and appellate jurisdiction, there is no final decision of the *court.* (Tracy *v.* Tallmage, 1 *Abbotts' Pr. R.*, 460 ; Gracie *v.* Freeland, 1 *Comst.*, 234 ; Mason *v.* Jones, 1 *C. R.*, *N. S.*, 338 ; The People *v.* The Justices and Clerk of the

Marine Court, 3 *Abbotts' Pr. R.*, 5, 309, 57 ; 2 *Abbotts' Pr. R.*, 126, 237.) 4. If the judgments of the special term are the judgments of the Supreme Court of the Constitution, then there was an appeal from a judgment entered at special term direct to the Court of Appeals (*Constitution, art.* 6, § 25 ; *Judiciary Act, art.* 2, § 11), but it is decided that such appeal would not lie (Gracie *v.* Freeland, 1 *Comst.*, 228). 5. When a power is claimed in derogation of individual right (as this is in derogation of the right of appeal), it ought not to be allowed upon ambiguous construction, at least not upon ambiguous words (Wright *v.* Briggs, 2 *Hill*, 77). 6. The act of 1813, as amended in 1839, expressly recognizes the right of appeal in those cases (*Laws of* 1839, *ch.* 219, § 9 ; *Davies' Laws*, 820).

IV. The act of April, 1854, gives the right of appeal from special to general term in all special proceedings. The present is a special proceeding. (Rochester and Genesee Valley R. R. Co. *a.* Beckwith, 10 *How. Pr. R.*, 168 ; New York Central Railroad Company *a.* Marvin, 1 *Kern.*, 276 ; Canal and Walker street Case, 2 *Kern.*, 409 ; Walker-street Case, 17 *Barb.*, 617.)

The court directed the argument to proceed, whereupon the appeal was argued on the merits.

By the Court,[*] Mitchell, J.—The question whether an appeal lies to the general term from the special term, after the report of commissioners of estimate has been confirmed, has been differently decided in this district.

In the matter of Wall-street the right of appeal was sustained. It is true that there the appeal was from an order refusing to confirm the report, but in recognizing the right to an appeal the court made no distinction on that account.

An act was about that time passed, allowing an appeal from the special to the general term in all special proceedings.

After this an appeal was taken from the general term to the Court of Appeals, in the case of Canal-street, and dismissed on the ground that the decision of the Supreme Court was final; and in the opinion then given it was expressly stated that an appeal in such case did lie to the general term.

---

[*] Present, Mitchell, Roosevelt, and Peabody, JJ.

At a subsequent general term, in the matter of the Bowery extension, it was held that no appeal lies to the general term in these cases.

The statute declares that the report of the commissioners, when confirmed by the Supreme Court, shall be final and conclusive; these words receive their appropriate and full meaning if applied to the report when confirmed by the Supreme Court without appeal, or by the Supreme Court on appeal, when the law in general terms allows such appeal. It is not necessary now to pass definitely on that question.

Mr. Pryor's lots were valued by the commissioners, and their report filed, and then he presented to them all the objections which he now states, and they allowed him a still larger value for his lots.

The inference is, that they gave due consideration to all the matters of which he complains, and they are the proper judges of matters of fact: it requires a strong case to justify the court to interpose in matters of value. The prices of 1852 did not guide the commissioners in matters of value; they cannot be invoked for this application. The test is not what prices lots may have brought a few years before, but what is the probably permanent market value about the time of taking the land? The commissioners could form their estimate of their value by general inquiries; by their general information; by knowledge acquired in the course of their office as to other lots of somewhat similar situation, as well as for the examination of witnesses; so they could judge of relative value by viewing the grounds; seeing their advantages or disadvantages; their extra height or depth; the rock to be removed, or marsh to be filled up. The items of this knowledge can never be reduced to writing; it is the *result* of it all which is the judgment of the commissioners, and on which all owners of property and the public must depend.

The order should be affirmed, with $10 costs.

Roosevelt, J., concurred.

Peabody, J., concurred in the result, holding that no appeal lay in such case.